IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHAPIN S. LANGENHEIM,<br><br>Plaintiff,<br>v.<br><br>WOLFRAM RESEARCH,<br><br>Defendant. | 23 CV 2227<br><br>**Jury Demand** |

COMPLAINT

CHAPIN S. LANGENHEIM, by and through her attorney, JONATHAN LUBIN, hereby Complains of WOLFRAM RESEARCH, stating:

**Parties, Jurisdiction and Venue**

1. This is a civil action brought pursuant to 42 U.S.C. §§ 12101.

2. Plaintiff, for the relevant period, was an employee of Defendant, Wolfram Research, in the City of Champaign, IL, which is in the Central District of Illinois.

3. Jurisdiction is therefore proper under 28 U.S.C. § 1331 because the Complaint seeks damages and equitable relief under federal statutes.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the relevant events took place in the Central District of Illinois.

**Facts Common to All Counts**

5. Plaintiff worked at Defendant in several capacities, including Editor at Large, Continuing Project Coordinator, and others.

6. In those roles, she was required to interact with Stephen Wolfram, the CEO and a supervisor of Plaintiff's.

7. Plaintiff is a person with Autism Spectrum Disorder (ASD).

8. At all times relevant to this Complaint, Defendant was aware of the fact that Plaintiff is a person with ASD.

9. In general, but specifically at meetings which were attended by many employees, Wolfram harassed Plaintiff on the basis of her disability.

10. This harassment included pointed comments about Plaintiff's disability.

11. The harassment was pervasive, and caused Plaintiff severe mental distress.

12. Though Plaintiff complained about the harassment, it did not stop.

13. Wolfram was not disciplined as a result of the complaints.

14. Rather, Plaintiff was taken off various projects that involved Wolfram.

15. This impeded her growth within the company, and stunted her career.

16. Nonetheless, it did not prevent the harassment. Plaintiff continued to be harassed until her resignation on October 1, 2021.

**Count I – 42 U.S.C. §§ 12101**

17. On July 25, 2023, Plaintiff received a Right to Sue letter from the EEOC, which is attached hereto.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. §§ 12101, and Ordering Defendant to pay her back wages, forward wages, pain and suffering, punitive damages, costs and reasonable attorneys' fees.

**Count II – Retaliation**

18. When Plaintiff complained about this harassment, the harassment did not stop. Instead, Plaintiff was taken off of assignments, and her career was thereby stunted.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights, and Ordering Defendant to pay her back wages, forward wages, pain and suffering, punitive damages, costs and reasonable attorneys' fees.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff demands trial by jury**