IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CHAPIN S. LANGENHEIM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-02227 |
| | ) | Hon. Colin Stirling Bruce |
| WOLFRAM RESEARCH, | ) | Magistrate Eric I. Long |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Wolfram Research, Inc. ("Wolfram" or "Defendant"), by and through its attorneys, Jane M. McFetridge and Jeffrey D. Iles of Jackson Lewis P.C., for its Answer and Affirmative Defenses to Plaintiff Chapin Langenheim's ("Langenheim" or "Plaintiff") Complaint in the above-captioned matter, states as follows:

**Parties, Jurisdiction and Venue**

1. This is a civil action brought pursuant to 42 U.S.C. §§12101.

**ANSWER:** Wolfram admits that Langenheim has brought this civil action under the Americans with Disabilities Act (the "ADA"), codified at 42 U.S.C. § 12101, *et seq*. Wolfram denies that it has violated the ADA or otherwise acted unlawfully.

2. Plaintiff, for the relevant period, was an employee of Defendant, Wolfram Research, in the City of Champaign, IL, which is in the Central District of Illinois.

**ANSWER:** Wolfram admits that it previously employed Langenheim and that Langenheim initially worked at Wolfram's headquarters, located in Champaign, Illinois. Wolfram further admits that Champaign, Illinois is located within the Central District of Illinois. However,

Wolfram denies that Langenheim worked in Champaign, Illinois during the entirety of her Wolfram employ.

3. Jurisdiction is therefore proper under 28 U.S.C. § 1331 because the Complaint seeks damages and equitable relief under federal statutes.

**ANSWER:** Wolfram admits that this Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff purports to seek relief under federal statute. Wolfram denies that it has violated any statute or otherwise acted unlawfully.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the relevant events took place in the Central District of Illinois.

**ANSWER:** Wolfram does not contest venue is proper because a substantial part of the events giving rise to the claim occurred within the Central District of Illinois.

## Facts Common to All Counts

5. Plaintiff worked at Defendant in several capacities, including Editor at Large, Continuing Project Coordinator, and others.

**ANSWER:** Wolfram admits that Langenheim held several titles during her employ, including Project Manager, Web Project Coordinator, Project Coordinator, Coordinating Editor, and Editor at Large.

6. In those roles, she was required to interact with Stephen Wolfram, the CEO and a supervisor of Plaintiff's.

**ANSWER:** Wolfram admits the allegations of Paragraph 6.

7. Plaintiff is a person with Autism Spectrum Disorder (ASD).

**ANSWER:** Wolfram admits that Langenheim held herself out as an individual with Autism Spectrum Disorder (ASD), but denies having knowledge and information sufficient to form a belief as to any of Langenheim's medical diagnose(s).

8. At all times relevant to this Complaint, Defendant was aware of the fact that Plaintiff is a person with ASD.

**ANSWER:** Wolfram admits that Langenheim held herself out as an individual with Autism Spectrum Disorder (ASD), but denies having knowledge and information sufficient to form a belief as to any of Langenheim's medical diagnose(s).

9. In general, but specifically at meetings which were attended by many employees, Wolfram harassed Plaintiff on the basis of her disability.

**ANSWER:** Wolfram denies the allegations of Paragraph 9, including because it calls for a legal conclusion to which no response is required.

10. This harassment included pointed comments about Plaintiff's disability.

**ANSWER:** Wolfram denies the allegations of Paragraph 10, including because it calls for a legal conclusion to which no response is required.

11. The harassment was pervasive, and caused Plaintiff severe mental distress.

**ANSWER:** Wolfram denies the allegations of Paragraph 11, including because it calls for a legal conclusion to which no response is required.

12. Though Plaintiff complained about the harassment, it did not stop.

**ANSWER:** Wolfram denies the allegations of Paragraph 12, including because it calls for a legal conclusion to which no response is required.

13. Wolfram was not disciplined as a result of the complaints.

**ANSWER:** Wolfram admits that Langenheim's unsupported complaints did not result in discipline to its CEO, Stephen Wolfram.

14. Rather, Plaintiff was taken off various projects that involved Wolfram.

**ANSWER:** Wolfram admits that it provided Langenheim opportunities to work on projects separate from CEO Stephen Wolfram, in response to Langenheim's complaints and request for the same. Wolfram denies any insinuation that doing so was retaliatory or otherwise unlawful.

15. This impeded her growth within the company, and stunted her career.

**ANSWER:** Wolfram denies the allegations of Paragraph 15.

16. Nonetheless, it did not prevent the harassment. Plaintiff continued to be harassed until her resignation on October 1, 2021.

**ANSWER:** Wolfram denies the allegations of Paragraph 16, including because it calls for a legal conclusion to which no response is required.

### Count I – 42 U.S.C. §§ 12101

17. On July 25, 2023, Plaintiff received a Right to Sue letter from the EEOC, which is attached hereto.

**ANSWER:** Wolfram admits that Langenheim received a Right to Sue letter dated July 25, 2023, for Charge No. 440-2022-02615, and that the document attached to Plaintiff's Complaint is a true and accurate copy of the same.

### Count II - Retaliation

18. When Plaintiff complained about this harassment, the harassment did not stop. Instead, Plaintiff was taken off of assignments, and her career was thereby stunted.

**ANSWER:** Wolfram denies the allegations of Paragraph 18 as stated, including because it calls for a legal conclusion to which no response is required.

## **AFFIRMATIVE AND OTHER DEFENSES**

Wolfram hereby asserts the following Affirmative and Other Defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof as to some or all of these matters:

1. At all times relevant hereto, Wolfram had a specific policy against unlawful discrimination and retaliation in the workplace, and such policy was well-known to employees.

2. Wolfram's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward Plaintiff.

3. The damages sustained by Plaintiff, if any, were proximately caused and occasioned by the acts and omissions of Plaintiff, said acts and omissions being the sole cause of Plaintiff's alleged damages. Therefore, Wolfram pleads the intervening acts and omissions of Plaintiff as a complete bar to Plaintiff's claims against Wolfram.

4. Wolfram engaged in good-faith efforts to comply with the ADA and all other applicable laws, and therefore cannot be liable for punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

5. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages.

6. Plaintiff's claim for any damages must be eliminated or reduced to the extent that she is, has been, or will be compensated from collateral sources.

7. To the extent that Plaintiff establishes liability against Wolfram, the amount of compensatory and punitive damages is limited as provided by law.

8. Even assuming, *arguendo*, that Plaintiff can demonstrate that WOLFRAM's decisions relative to her employment were motivated in whole or in part by Plaintiff's disability—which they were not—Wolfram affirmatively states that it would have made the same decisions in

5

the absence of such impermissible motivating factors.

9. Any and all actions by Wolfram affecting Plaintiff were taken for reasons other than Plaintiff's alleged protected activity, and were not in retaliation for any alleged protected activity.

10. Wolfram exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Wolfram or to avoid harm otherwise.

11. To the extent Plaintiff complained to Wolfram about alleged unlawful treatment, Wolfram took immediate and adequate steps to investigate Plaintiff's complaints.

12. Plaintiff cannot demonstrate severe or pervasive conduct that altered the conditions of her employment with Wolfram.

13. To the extent any employee, manager, supervisor, director, officer, or other agent of Wolfram engaged in any alleged discriminatory conduct (which Wolfram expressly denies), said conduct was outside the scope and course of their employment, was not in furtherance of Wolfram's business, and was contrary to Wolfram's good faith efforts to comply with federal and state law.

14. Plaintiff's claims are barred by the doctrine of unclean hands.

15. To the extent that Plaintiff alleges or attempts to assert claims under the ADA which relate to alleged acts of discrimination or retaliation that occurred more than 300 days before she filed her charge of discrimination, Charge No. 440-2022-02615, such claims are time-barred and should be dismissed.

16. To the extent that Plaintiff alleges or attempts to assert claims under the ADA which relate to alleged acts of discrimination or retaliation not encompassed within her charge of

discrimination, Charge No. 440-2022-02615, such claims are barred for failure to exhaust administrative remedies. 42 U.S.C. § 2000e-5(e)(1).

17. WOLFRAM reserves the right to bring any additional or affirmative defenses that become known during the litigation of this matter.

**WHEREFORE,** Defendant Wolfram Research, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and Defendant awarded its costs and such other relief as the Court deems just and reasonable.

Dated: January 17, 2024

Respectfully submitted,

**WOLFRAM RESEARCH, INC.**

By: _/s/ Jane M. McFetridge_
One of Its Attorneys

Jane M. McFetridge
Jeffrey D. Iles
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: (312) 787-4949
Fax: (312) 787-4995
jane.mcfetridge@jacksonlewis.com
jeffrey.iles@jacksonlewis.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on January 17, 2024, she caused a true and correct copy of the foregoing **Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Complaint** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

*/s/ Jane M. McFetridge*